## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE NON-PARTY DEPOSITION SUBPOENAS<br><br>STERNE, KESSLER, GOLDSTEIN & FOX PLLC<br>1100 New York Ave N.W.<br>Washington, DC 20005,<br><br>and<br><br>MICHAEL V. MESSINGER,<br>1100 New York Ave N.W.<br>Washington, DC 20005<br><br>    Movants. | Case No. _____ |
| REALTIME DATA LLC d/b/a IXO,<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE AMERICA, INC.,<br><br>    Defendant. | Eastern District of Texas (Tyler Division)<br>Civil Action No. 6:16-cv-088-RWS-JDL<br>LEAD CASE |
| REALTIME DATA LLC d/b/a IXO,<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE AMERICA, INC.,<br>HEWLETT-PACKARD COMPANY,<br>and HP ENTERPRISE SERVICES,<br>LLC,<br><br>    Defendants. | Eastern District of Texas (Tyler Division)<br>Civil Action No. 6:15-cv-467-RWS-JDL<br>MEMBER CASE |

## NON-PARTIES STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. AND MICHAEL V. MESSINGER'S JOINT MOTION TO QUASH SUBPOENAS

# TABLE OF CONTENTS

I.  Introduction ........................................................................................................ 1

II.  Statement of Facts ........................................................................................... 3

III. Legal Standard ................................................................................................. 6

IV. Argument ........................................................................................................... 8

    A.  Oracle has not demonstrated a need that warrants the deposition of Sterne Kessler or Mr. Messinger. ................................................................. 9

    B.  Sterne Kessler and Mr. Messinger will be significantly burdened by the requested depositions. ................................................................................. 11

    C.  Oracle has other ways to obtain discovery concerning the prosecution of the patents-in-suit apart from deposing Realtime's counsel. ................................ 13

V.  Conclusion ....................................................................................................... 15

## I.   Introduction

Non-parties law firm Sterne, Kessler, Goldstein & Fox P.L.L.C. ("Sterne Kessler") and Attorney Michael V. Messinger move this Court for an order quashing two third-party subpoenas which seek the depositions of Sterne Kessler and Mr. Messinger, a Director of the firm. Oracle America, Inc. ("Oracle") served the subpoenas in connection with patent infringement litigation now pending in the U.S. District Court for the Eastern District of Texas (the "Texas Patent Litigation").

Sterne Kessler and Mr. Messinger are not parties to the Texas Patent Litigation. Their connection to the Texas Patent Litigation is that they represent the plaintiff—Realtime Data LLC ("Realtime")—in patent prosecution matters and in extensive *inter partes* matters pending before the U.S. Patent & Trademark Office ("Patent Office"). Oracle initiated and is an adverse party in several of these *inter partes* proceeding before the Patent Office.

Oracle seeks to depose Sterne Kessler and Mr. Messinger regarding "[a]ll communications with Realtime regarding the Patents-in-Suit and/or Related Patents, excluding communications after May 8, 2015." (Exhibit 1 at 1.)[1] Oracle's purported reason for seeking these depositions is that Realtime has offered contentions concerning the dates of conception in the Texas Patent Litigation that Oracle contends are "a surprising change of position." (Exhibit 2 at 1.) Even if that

---

[1] All exhibits cited herein are attached to the Declaration of Paul A. Ainsworth ("Ainsworth Decl.")

were true, Oracle has not explained how its own surprise justifies the depositions of Realtime's patent prosecution counsel and Patent Office litigation counsel.

Oracle also claims that "Mr. Messinger and Sterne Kessler are percipient witnesses" to events that occurred during prosecution of certain Realtime patents. (Exhibit 2 at 1.) But patent prosecution is a matter of public record to which Oracle has ready access. It does not need a Sterne Kessler witness to confirm the contents of that public record. Apart from the public record and communications with counsel, the only other discovery Oracle may hope to gain are counsel's subjective impressions of the patent prosecution history. Those subjective impressions or opinions are not relevant to any claim or defense in the Texas Patent Litigation as the defense of inequitable conduct has not been raised.

Moreover, if Oracle needs discovery into the basis for any of Realtime's contentions in the Texas Patent Litigation, it has ample discovery tools at its disposal to obtain that information from Realtime. For example, it can depose the patents' inventors or a Realtime corporate representative. None of Oracle's proffered reasons for taking counsels' depositions warrant the burden on Sterne Kessler or Mr. Messinger when such less burdensome means are available. *See Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380-82 (D.D.C. Aug. 12, 2011).

For the reasons set forth below, the subpoenas sought by Oracle should be quashed because they impose an unjustified and heavy burden on Sterne Kessler and Mr. Messinger in contravention of Fed. R. Civ. P. 45(c)(3)(A)(iv) and Fed. R.

Civ. P. 26(b)(2)(C)(i) and (iii). Sterne Kessler and Mr. Messinger also respectfully request a stay of any deposition pending the outcome of this Motion.

## II.   Statement of Facts

These subpoenas arise from two related cases now pending in the United States District Court for the Eastern District of Texas. *See Realtime Data LLC d/b/a IXO v. Oracle America, Inc.*, Civil Action No. 6:16-cv-088 (E.D. Tex., Feb. 26, 2016); *Realtime Data LLC d/b/a IXO v. Oracle America, Inc., Hewlett-Packard Company, and HP Enterprise Services, LLC*, Civil Action No. 6:15-cv-467 (E.D. Tex, May 8, 2015). In those cases, Realtime has alleged that Oracle infringes U.S. Patent Nos. 8,643,513; 7,415,530; 9,116,908; 6,597,812; and 9,054,728 ("Patents-in-Suit"). (Exhibit 3; Exhibit 4.) Oracle has asserted defenses of non-infringement and invalidity. (Exhibit 5 at 11; Exhibit 6 at 12.) It has not alleged the defense unenforceability based on inequitable conduct before the Patent Office.

Sterne Kessler attorneys have counseled and represented Realtime in patent matters since 2009. (Declaration of Michael V. Messinger ("Messinger Decl.") ¶ 4.) Sterne Kessler attorneys prosecuted several of the Patents-in-Suit. (Messinger Decl. ¶ 6.) During prosecution, Sterne Kessler attorneys regularly communicated with Realtime with respect to patent prosecution strategy. (Messinger Decl. ¶ 6.) In addition, Sterne Kessler has represented Realtime since 2010 in adversarial, post-grant proceedings before the Patent Office in defense of the validity of almost all of the Patents-in-Suit. (Declaration of Donald Featherstone ("Featherstone Decl.") ¶ 3.) All of these post-grant proceedings are adversarial in nature, and several involve Oracle and the Patents-in-Suit. (Featherstone Decl. ¶¶ 4, 6, 7.)

Oracle served subpoenas on Sterne Kessler and Mr. Messinger on August 12 and August 16, respectively. (Ainsworth Decl. ¶¶ 3, 4.) The subpoenas sought production of documents by August 26, and deposition testimony on September 8 and 9.  The original subpoenas requested broad categories of discovery into communications with Realtime and counsels' files concerning patent prosecution and *inter partes proceedings*. (Exhibit 7 at 6-7; Exhibit 8 at 6-7.) For example, Oracle sought production of documents and testimony concerning "all documents" concerning Realtime's patents and patent applications, including communications between counsel and Realtime. (*See* Exhibit 7 at 6-8.) On its face, this request encompassed documents and communications relating to pending *inter partes* proceedings before the Patent Office. It also sought all communications between Sterne Kessler and its client Realtime related to the Texas Patent Litigation. (*See* Exhibit 7 at 6-8.)

After receiving the subpoenas, Sterne Kessler engaged in a series of meet-and-confers with Oracle to discuss the scope of documents and testimony requested. (Ainsworth Decl. ¶¶ 6, 7.) The first meet-and-confer occurred on August 26, 2016. During the August 26, 2016 meet-and-confer, Oracle's counsel acknowledged that the subpoenas on their face sought discovery of information subject to the attorney-client privilege. (Ainsworth Decl. ¶ 7.) However, Oracle's counsel asserted that the subpoenas became necessary as a result of positions that Realtime had advanced in the Texas Patent Litigation. (Exhibit 2 at 1.)

On August 29, 2016, following the first meet-and-confer, Oracle's counsel sent an email that narrowed the scope of the original subpoenas. (Exhibit 1 at 1; Ainsworth Decl. ¶ 8.) However, Oracle still demanded both documents and deposition testimony concerning "[a]ll communications with Realtime regarding the Patents-in-Suit and/or Related Patents, excluding communications after May 8, 2015." (Exhibit 1 at 1.) Sterne Kessler and Oracle conducted a second meet-and-confer on August 29, 2016, during which they discussed both the scope of the amended subpoenas as well as Oracle's continuing request for deposition testimony of both Sterne Kessler and Mr. Messinger.

On August 30, 2016, Sterne Kessler timely served objections and responses to Oracle's amended document requests. (Ainsworth Decl. ¶ 12; Exhibit 9, Exhibit 10.)[2] Sterne Kessler agreed to produce certain non-privileged documents to the extent such documents could be located after a reasonable search. (Ainsworth Decl. ¶ 12.)

On August 30, 2016, Sterne Kessler conducted a third meet-and-confer with Oracle to discuss the depositions sought of Sterne Kessler and Mr. Messinger. (Ainsworth Decl. ¶ 13.) Oracle's counsel again explained that they sought the depositions of Sterne Kessler and Mr. Messinger because of allegedly new positions Realtime has taken in the Texas Patent Litigation relating to the dates of conception of the claimed inventions. (Exhibit 2 at 1.) Oracle contends that these positions allegedly differ in some way from the prosecution history of the Realtime

---

[2] Through the meet-and-confer process, Oracle and Sterne Kessler agreed that Sterne Kessler would have until August 30, 2016, to serve its objections and responses to the subpoenas. (Exhibit 11 at 1.)

patents. (Exhibit 2 at 1.) Based on the fact that Mr. Messinger and Sterne Kessler are Realtime's patent counsel, Oracle contends that Mr. Messinger and Sterne Kessler are "percipient witnesses" with discoverable information. (Exhibit 2 at 1.) Despite repeated requests, however, Oracle has yet to identify any relevant, nonprivileged information that is likely to be in Sterne Kessler's possession. (Exhibit 12 at 1; Ainsworth Decl. ¶ 13.)

During the meet-and-confer process, Oracle suggested that they may elect not to proceed with the depositions of Sterne Kessler and Mr. Messinger depending upon the documents and any privilege log produced by Sterne Kessler. (Ainsworth, Decl. ¶ 10.) To avoid burdening this Court with unnecessary motion practice, Sterne Kessler proposed that they defer any dispute over the requested depositions until after Oracle had reviewed any document production. (Exhibit 11 at 1.) Oracle did not accept this compromise which necessitated the timely filing of this Motion.

## III. Legal Standard

Parties may obtain discovery regarding any non-privileged subject matter that is relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(l) (Dec. 2015).[3] But courts must limit discovery when the discovery can be obtained from

---

[3] The amended Federal Rules of Civil Procedure narrow permissible discovery to explicitly require a consideration of proportionality. *See* Fed. R. Civ. P. 26(b)(1). This is narrower than the previous Rule which permitted discovery into any non-privileged matter that was "reasonably calculated to lead to the discovery of admissible evidence." Courts have held that where it is "just and practicable" to apply the new procedural rules to pending cases, they can take effect as soon as they are promulgated. *Landgraf v. USI Film Prod.*, 511 U.S. 244, 275 (1994); *CS-360, LLC v. United States Small Bus. Admin.*, 20 F. Supp. 3d 104, 113 (D.D.C. 2013)). Here, it is just and practicable to apply the current version of Fed. R. Civ. P.

other more convenient, less burdensome, or less expensive sources, or when the discovery's burden or expense outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Courts may also limit discovery "for good cause" and "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the discovery." Fed. R. Civ. P. 26(c)(l). A subpoena may be quashed if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

Depositions of opposing counsel are generally disfavored by federal courts. *See Hickman v. Taylor*, 329 U.S. 495, 513 (1947); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 276–77 (D.D.C. 2001); *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 8 (D.D.C. 2009); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999); *Coleman v. District of Columbia*, 284 F.R.D. 16, 18 (D.D.C. July 13, 2012); *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380-82 (D.D.C. Aug. 12, 2011); Memorandum Opinion and Order*, Sterne, Kessler, Goldstein & Fox P.L.L.C. v. Edwards Lifesciences Corp. et al.*, Case No. 1:13-mc-00048-ABJ-JMF (D.D.C. April 16, 2013). "[W]hen seeking to depose opposing counsel, the cards are stacked against the requesting party from the outset and they must prove the deposition's necessity." *Guantanamera*, 263 F.R.D. at 8 (citing

---

26 to the third-party discovery sought in this case because it does not affect the substance of any claim or defense asserted by Oracle. Further, Oracle's discovery request arose after enactment. Regardless, Sterne Kessler would prevail even under the broader, pre-amendment Rule 26(b).

*Jennings*, 201 F.R.D. at 277). "Courts therefore presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise." *Coleman v. D.C.*, 284 F.R.D. 16, 18 (D.D.C. 2012).

## IV.   Argument

Oracle seeks to depose its litigation adversary's patent counsel on "all communications" between counsel and their client relating to the Patents-in-Suit and related patents. There is no justification for such an intrusion into the attorney-client privilege or imposing the accompanying burden upon counsel.

The only reason Oracle has offered for seeking these depositions is that Realtime allegedly took positions concerning the dates of conception of the invention in the Texas Patent Litigation that Oracle found "surprising." Assuming for the sake of argument that Oracle's characterization is accurate, that still does not explain why Oracle needs to depose Realtime's patent counsel to obtain relevant facts. Indeed, it has many other discovery devices at its disposal to obtain facts concerning conception of the claimed inventions.

Further, the recognized burdens associated with deposing an opponent's counsel are all present here, including the potential chilling effect on attorney-client communications, the opportunity for harassment, and the likely collateral litigation that will ensue over the assertion of privilege and relevancy of questions posed during the deposition. Accordingly, Sterne Kessler and Mr. Messinger respectfully request that the subpoenas be quashed.

### A. Oracle has not demonstrated a need that warrants the deposition of Sterne Kessler or Mr. Messinger.

Oracle's deposition notice to Sterne Kessler seeks a witness prepared to testify regarding "[a]ll communications with Realtime regarding the Patents-in-Suit and/or Related Patents, excluding communications after May 8, 2015." (Exhibit 1 at 1.) While Oracle's subpoena to Mr. Messinger personally did not limit the scope of examination, Oracle's counsel represented during the meet-and-confer process that they also sought to depose Mr. Messinger concerning the same communications with Realtime. (Ainsworth Decl. ¶ 13.)

The vast majority of communications between Sterne Kessler and Realtime concerning the patents-in-suit are likely to be privileged. As set forth in the declarations of Mr. Messinger and Mr. Featherstone, Sterne Kessler serves as counsel to Realtime in both prosecution matters and post-grant *inter partes* proceedings before the Patent Office. (Messinger Decl. ¶ 4; Featherstone Decl. ¶ 3.) Preparing and prosecuting patent applications is the practice of law. *See Sperry v. Florida*, 373 U.S. 379, 383 (1963). The attorney-client privilege applies to an attorney's communications relating to drafting and prosecuting patent applications. *See In re Regents of University of California*, 101 F .3d 1386, 1391 (Fed. Cir. 1996). Likewise, the representation of clients in post-grant proceedings before the Patent Office is also the practice of law. *See Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380-82 (D.D.C. Aug. 12, 2011).

While Oracle proffered that it seeks discovery concerning the dates of conception of the claimed inventions, it has not explained why it needs to obtain

this discovery from Sterne Kessler or Mr. Messinger. The conception date of an invention is a legal conclusion based on underlying facts. *See Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1063 (Fed.Cir.2005). Oracle has no basis to allege that either Mr. Messinger or other Sterne Kessler attorneys are "percipient witnesses" to any of the underlying the facts surrounding the conception date of the invention. If it is the underlying facts that Oracle seeks here, those can be more readily obtained from Realtime or the patents' inventors.

Oracle asserts that it needs these depositions because of a "surprising change in position" by Realtime in the Texas Patent Litigation. (Exhibit 2 at 1.) To the extent there are any differences between positions Realtime took in the Texas Patent Litigation as compared to proceedings before the Patent Office, the Patent Office proceedings are public records that speak for themselves. Therefore, it appears that what Oracle may really be after here is the reasoning behind positions taken before the Patent Office. But Oracle is not entitled to discover legal advice and strategy that Sterne Kessler or Mr. Messinger may have provided to Realtime concerning the prosecution of Realtime's patents. *See In re Regents of University of California*, 101 F .3d at 1391. Because inequitable conduct by Sterne Kessler (or anyone else) is not alleged in the Texas Patent Litigation, any subjective impressions of Sterne Kessler attorneys are also irrelevant. *See, e.g., Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 383 (D.D.C. 2011) ("[A]n inequitable conduct defense is not properly at issue in the . . . litigation. The Court will not sanction deposition of counsel in the petitioner's situation on the

mere prospect of Kodak being granted leave to amend its pleadings."); *ResQNet.com, Inc . v. Lansa, Inc.*, No. 01-CIV-3578 (RWS), 2004 WL 1627170, at *4 (S.D.N.Y. July 1, 2004) (finding that when plaintiff had not pled inequitable conduct and even alleged the prior art was concealed, the plaintiff was not entitled to oppose plaintiff's counsel on the topic of inequitable conduct). Further, to the extent Oracle seeks discovery of any mental impressions formed during any post-grant, adversarial proceedings, those mental impressions are also entitled to work product protections. *See, e.g., McCook Metals L.L.C. v. Alcoa Inc.,* 192 F.R.D. 242, 261 (N.D. Ill. 2000) (applying work product protections to documents generated in connection with a reexamination proceeding); *In re Nata,* 410 F.2d 187, 192-194 (3d. Cir. 1969) (applying work product doctrine to documents generated for interference proceeding before USPTO).

In sum, the deposition of Sterne Kessler will have little benefit because the vast majority of information that Oracle ostensibly seeks is protected by the attorney-client privilege or work product immunities, or is otherwise not relevant to any claim or defense at issue in the Texas Patent Litigation.

### B. Sterne Kessler and Mr. Messinger will be significantly burdened by the requested depositions.

Allowing the present depositions to proceed would impose significant burdens on Sterne Kessler and Mr. Messinger, including a chilling-effect on attorney-client communications, the significant time required to prepared for any depositions, and the likelihood that such depositions would create collateral or ancillary litigation.

As such, the burden of deposing Sterne Kessler outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).

First, several of the *inter partes* Patent Office matters in which Sterne Kessler currently represents Realtime are pending and involve Oracle. (Messinger Decl. ¶ 7; Featherstone Decl. ¶ 6; *see supra* at 3-4 , where IPR2016-00374, IPR2016-00375, IPR2016-00376, IPR2016-00377 are proceedings that Oracle America, Inc. initiated and is currently participating in as the patent challenger.) Allowing the depositions of Sterne Kessler or Mr. Messinger to go forward may "disrupt the effective operation of the adversarial system by chilling the free and truthful exchange of information between attorneys and clients." *Sterne, Kessler, Goldstein & Fox P.L.L.C. v. Eastman Kodak Co.,* 276 F.R.D. 376, 380-81 (D.D.C. 2011).

Second, this Court has also recognized that "depositions of opposing counsel present a 'unique opportunity for harassment.'" *Id.* (quoting *Marco Island Parnters v. Oak Dev. Corp.,* 117 F.R.D. 418, 420 (N.D. Ill. 1987). A related concern is that "the time involved in preparing for and undergoing such depositions will disrupt counsels' preparation of parties' cases and thus decrease the overall quality of representation." *Id.* at 381. Mr. Messinger has overseen the prosecution of over twenty-five patents and patent applications for Realtime. Sterne Kessler has served as counsel in more than eighteen proceedings for Realtime before the Patent Office prior to May 8, 2015. Significant time and expense will need to be devoted to prepare Mr. Messinger and Sterne Kessler to testify with respect to these matters, time that will necessarily be taken away from their pending work for Realtime on

several pending patent applications and *inter partes* proceedings before the Patent Office.

Finally, this Court has expressed the concern that "counsel depositions carry the substantial potential of spawning litigation over collateral issues related to the assertion of privilege, scope, and relevancy, that only end up imposing additional pretrial burdens on the courts to resolve work-product and privilege objections." *Id.* at 382. Here, the sole topic for the deposition of Sterne Kessler are "communications with Realtime concerning the Patents-in-Suit and Related Patents." With respect to Mr. Messinger's personal deposition, Oracle has represented that it seeks to discover similar information from him. It is hard to imagine any substantive, relevant question that Oracle may ask that would not result in an objection and instruction on the basis of privilege and/or work product.

### C. Oracle has other ways to obtain discovery concerning the prosecution of the patents-in-suit apart from deposing Realtime's counsel.

There are a number of ways for Oracle to obtain discovery concerning the dates of conception of the claimed invention other than by deposing Sterne Kessler or Mr. Messinger, including (i) by deposing the inventors; (ii) by deposing Realtime through a Rule 30(b)(6) deposition; or (3) by serving written discovery on Realtime. Moreover, the Eastern District of Texas has local rules requiring the disclosure of "[a]ll documents evidence of conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-

1(e), whichever is earlier." E.D. Texas L.R. 3-2(b). During the multiple meet-and-confers, Oracle never explained why these other discovery devices are insufficient.

To the extent Oracle seeks discovery generally on the prosecution of the Patents-in-Suit, it has the prosecution histories which "speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories." *ResQNet.com*, 2004 WL 1627170, * 5. Even assuming *arguendo* that this written record is insufficient, Oracle can also depose the patent examiners responsible for examining the Patents-in-Suit.

This Court has at least twice before considered third-party subpoenas depositions of patent counsel. *See e.g., Sterne, Kessler, Goldstein & Fox P.L.L.C. v. Eastman Kodak Co.*, 276 F.R.D. 376 (D.D.C. 2011); Memorandum Opinion and Order, *Sterne, Kessler, Goldstein & Fox P.L.L.C. v. Edwards Lifesciences Corp. et al.*, Case No. 1:13-mc-00048-ABJ-JMF (D.D.C. April 16, 2013). In both cases, this Court found the burdens of deposing a party's patent counsel outweigh any potentially relevant discovery to be obtained. This was true even though in neither case did patent counsel have a direct role in any *inter partes* proceedings. Here, however, Sterne Kessler represents Realtime in both patent prosecution matters and in *inter partes* proceedings before the Patent Office in which Oracle is an adverse party.

In sum, any non-privileged relevant information that Oracle contends that it may need concerning the prosecution of the Patents-in-Suit is available through a

variety of other sources. Accordingly, Oracle has not shown that it needs the depositions of either Sterne Kessler or Mr. Messinger to obtain relevant, non-privileged information.

## V.   Conclusion

For the reasons set forth above, Sterne Kessler and Mr. Messinger respectfully request that the Court quash the subpoenas.


Dated: September 7, 2016                    Respectfully Submitted,


Paul A. Ainsworth
DC Bar No. 488955
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Avenue NW
Washington, DC 20005
202.371.2600
painsworth@skgf.com

Counsel For Movants Sterne, Kessler,
Goldstein & Fox P.L.L.C and Michael V.
Messinger

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2016, a copy of the attached NON-PARTIES STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. AND MICHAEL V. MESSINGER'S MOTION TO QUASH DEPOSITION SUBPOENAS, DECLARATION OF PAUL A. AINSWORTH, DECLARATION OF MICHAEL V. MESSINGER, AND DECLARATION OF DONALD FEATHERSTONE was served on the following by First Class mail:

Gregory H. Lantier
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
gregory.lantier@wilmerhale.com

Monical Grewal
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
monica.grewal@wilmerhale.com

Melissa R. Smith
Gillam Smith LLP
303 South Washington Avenue
Marshal, TX 75670
meslissa@gillamsmithlaw.com

September 7, 2016                                     _____
                                                      Paul A. Ainsworth